Philip H. Stillman (SBN 152861)
STILLMAN & ASSOCIATES
3014 N. Bay Rd. Ste. B
Miami Beach, Florida 33140
Tel: (888) 235-4279
Email: pstillman@stillmanassociates.com

Attorneys for LUMINOSITY PICTURES LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINOSITY PICTURES LLC a Wyoming limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SVETLANA MIGUNOVA-DALI, an individual; GRACE LOH, an individual, <br><br> Defendants, | CASE NO: <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND AWARD OF ATTORNEY FEES** |

COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff LUMINOSITY PICTURES LLC ("Luminosity") who for cause of action against Defendants and each of them alleges as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1. Luminosity seeks declaratory judgment that, as between Luminosity, on the one hand, and Defendants SVETLANA MIGUNOVA-DALI and GRACE LOH, and each of them ("Defendants"), on the other hand, Luminosity has the same rights as any member of the public generally, to distribute, exhibit, broadcast, stream, make copies for sale and otherwise use for commercial purposes ("Use") the motion picture entitled "The Master and Margarita" (the "Picture") directed by Michael Lockshin ("Lockshin") and produced by Mars Media Entertainment LLC, a limited liability company organized and existing under and pursuant to the laws of the Russian Federation ("Mars").

2. The Picture is based the legendary novel in the Russian language written by Mikhail Afanasyevich Bulgakov ("Bulgakov") entitled "Master and Margarita" ("Novel") and an original screenplay written by Lockshin and Roman Kantor based on the Novel. The Picture was produced in the Russian Federation and the Republic of Croatia and theatrically released in the Russian Federation on or about January 25, 2024 to widespread critical acclaim and audience success, becoming the seventh highest grossing film in the history of Russian cinema. In the professional opinion of Luminosity's executives, it is an important work of genius based on one of the greatest masterpieces of the twentieth century.

COMPLAINT FOR DECLARATORY RELIEF

3. The Picture is an original audio visual work subject to copyright as a motion picture in the United States and the Russian Federation. Mars owns the copyright to the Picture in all territories of the universe. The audio soundtrack of the Picture was originally recorded with dialog in the Russian, German, Latin and Aramaic languages.

4. Pursuant to a Sales Agency Agreement dated October 22, 2024 ("Sales Agency Agreement"), Mars granted to Luminosity the right to grant licenses for the Use of the Picture in territories outside the Russian Federation including the United States, Canada, United Kingdom, South Africa, Australia and New Zealand ("English Speaking Territories") in which motion pictures are generally released to the public with audio dialog or subtitles in the English language ("English Tracks"). In the Sales Agency Agreement, Mars gave notice to Luminosity that Defendants claimed the right to interfere with and prevent any Use of the Picture in the English Speaking Territories with English Tracks.

5. On or about November 4, 2024, Defendants sent an email to Luminosity purporting to prohibit the Use of the Picture in the English Speaking Territories or in any territory with English Tracks. Luminosity is informed and believes and thereupon alleges that it has commitments for licenses of all rights to Use the Picture in the English Speaking Territories with English Tracks and can and will license such rights to Use the Picture absent interference from Defendants. In the Sales Agency Agreement, Mars grants Luminosity the right to make such licenses if Luminosity obtains the rights to do so against Defendants.

COMPLAINT FOR DECLARATORY RELIEF

6. On March 10, 1940, at the age of 49, Bulgakov died in Moscow of nephrotic syndrome. The City of Moscow was then located in Moscow Oblast, a political subdivision of the Russian Soviet Socialist Republic ("RSSR"), a constituent sovereignty of the Union of Soviet Socialist Republics ("USSR"). The Novel was first published in the RSSR by *samizdat* after Bulgakov's death with the permission of Bulgakov and his third wife, Elena Sergeevna Shilovskaya-Bulgakova *nee* Nurenberg ("Elena"), the inspiration for "Margarita" in the Novel. The Novel was distributed more widely in *samizdat* after the death of Iosip Vissarionovich Dzhugashvili aka Joseph Stalin on March 4, 1953 when circulation of banned literature became prevalent in the USSR.

8. An expurgated version of the Novel was published in the RSSR by <u>Moskva Magazine</u> 1966 (No. 11) and 1967 (No. 1). Based on that version of the Novel, YMCA Press and Harper & Row offered the first English language translation of the Novel for sale in the United States in 1967. On information and belief, the Novel has been published and translated through the world based on the version published in 1967 and later unexpurgated versions without claim of copyright by or for Bulgakov or any legatees of Bulgakov.

9. On information and belief, the publications of the Novel, dramatic works based on the Novel and motion pictures based on the Novel have been produced throught the world without execution of any license or grant to rights to any copyright in and to the Novel by Bulgakov or any legatees of Bulgakov. No claim of copyright

COMPLAINT FOR DECLARATORY RELIEF

in the Novel has been or is now registered in the United States Copyright Office. No copyright notice in favor of Bulgakov or his successors was included on any published versions of the Novel in the United States.

10. Pursuant to the RSSR Fundamentals of Copyright Act enacted on January 30, 1925, as amended May 16, 1928, and in effect on the date of Bulgakov's death, the term of copyright protection in the Novel expired on January 1, 1955, fifteen years after Bulgakov's death on March 10, 1940, at a time when the Novel was in wide distribution in the USSR without copyright protection as *samizdat*.

11. On or about May 27, 1973, USSR (including the RSSR) became a signatory to the Universal Copyright Convention dated July 24, 1971 ("UCC"). Pursuant to the UCC, the RSSR amended its Fundamentals of Copyright Act to extend the term of copyright protection to twenty five years after the death of the author. The Novel was in the public domain in the RSSR on May 27, 1973, the date the RSSR became a signatory to the UCC. Even under the amended Fundamentals of Copyright Act, the term of copyright in the Novel would have expired on March 11, 1965. Article VII of the UCC provides that its protections apply only to works not in the public domain under the laws of the signatory on the date the Convention comes into effect for that signatory. The Novel is entitled to no protection by any signatory pursuant to the UCC.

12. After the dissolution of the USSR, the Russian Federation, as successor to the RSSR, revised its Fundamentals of Copyright Law on or about March 13, 1995,

and became a signatory to the Berne Convention for the Protection of Literary and Artistic Works of 1886 as amended ("Berne Convention"). Under Article 7 of the Berne Convention the term of copyright protection is fifty years from the death of the author. The Novel was in the public domain in the Russian Federation on March 13, 1995, the date the Russian Federation became a signatory to the Berne Convention. Even under the amended Fundamentals of Copyright Act, term of copyright protection of the Novel would have expired on March 11, 1990, before the Russian Federation became a signatory. Article 18 of the Berne Convention provides that its protections apply only to works not in the public domain under the laws of the signatory on the date the Berne Convention comes into effect for that signatory. The Novel is entitled to no protection by any signatory under the Berne Convention.

13. To comply with the Uruguay Round Agreements Act, on December 8, 1993, United States enacted the Copyright Restoration Act ("CRA"), 17 U.S.C. §104A, 107 Stat. 2115, and extended the term of copyright for works still under protection in the country of origin to seventy five years after the death of the author, then the term of copyright protection for works created in the United States. Pursuant to United States Constitution Art. I, §8, cl. 8, the term of copyright granted by Congress must be limited in time.

14. Pursuant to 17 U.S.C. §104A(h)(B), (C) of the CRA, the Novel is not a restored work subject to the CRA because (a) the Novel was in the public domain in its country of origin by reason of the expiration of the term of copyright in both the RSSR

COMPLAINT FOR DECLARATORY RELIEF

and the Russian Federation on the date of enactment of the CRA and (b) the Novel was not in the public domain in the United States solely due to failure of compliance with formalities. Under the Copyright Act of 1976 as amended, 17 U.S.C. §§1 *et seq.*, a work that has entered the public domain other than through accident is no longer subject to copyright protection under the Copyright Act. *Klinger v. Conan Doyle Estate Ltd.*, 755 F.3d 496, 497 (7th Cir. 2014).

15. Prior to her marriage to Bulgakov, Elena married Lieutenant-General Evgeny Alexandrovich Shilovsky ("Evgeny") as her second husband. Sergei Shilovsky, Elena Shilovsky and Daria Shilovsky ("Shilovsky Heirs") are grandchildren of Evgeny and Elena and are not descendants of Bulgakov.

16. On information and belief, on dates in 1995 unknown to Luminosity, the Shilovsky Heirs purported to claim copyright in the Novel in the Russian Federation. On information and belief, no probate court in the Russian Federation has determined the rights of succession to the assets of Bulgakov or Elena, including the Novel, on the death of either Bulgakov or Elena. Under the laws of the RSSR, property of a decedent who dies intestate is distributed to the decedent's spouse, parents, siblings and descendants. On information and belief, the parents, siblings and descendants of Bulgakov and Elena have not been identified or given notice of any proceedings to probate the estates of Bulgakov and Elena. On information and belief, no such intestate probate has occurred for the estate of either Bulgakov or Elena.

COMPLAINT FOR DECLARATORY RELIEF

17. On or about March 29, 1995, the Shilovsky Heirs purported to grant to Michael Lang ("Lang") an option ("Lang Option") to acquire the motion picture and allied rights in and to the Novel ("Motion Picture Rights"). Pursuant to the terms of the Lang Option, Lang claimed the right to exercise the Lang Option without payment of any consideration based solely on a promise to pay sums to the Shilovsky Heirs if, as and when a motion picture was produced based on the Motion Picture Rights.

18. On or about March 25, 1999, Lang purported to exercise the Lang Option by sending notice to the Shilovsky Heirs. On information and belief, Lang did not produce a motion picture based on the Motion Picture Rights and did not pay any further sums to the Shilovsky Heirs.

19. On or about January 14, 2016, Lang purported to grant an option to Defendants ("Defendants Option") to acquire the Motion Picture Rights on terms set forth in an Option Agreement. The Defendants Option was later amended on or about August 30, 2016. On information and belief, the term of the Defendants Option as amended expires on or about January 14, 2026.

20. Defendants claim ownership of Motion Picture Rights to the Novel by reason of Defendants Option, the Lang Option and the claims of the Shilovsky Heirs to ownership of the Novel. On information and belief, Defendants, Lang and any of them have not sought to enforce their ownership of the Motion Picture Rights against producers and distributors of motion pictures based on the Novel distributed in the USSR and Eastern Europe.

## PARTIES

21. Luminosity is a limited liability company organized and existing under and pursuant to the laws of the State of Wyoming with its principal place of business in the County of Los Angeles, State of California.

22. On information and belief, Defendant Svetlana Migunova-Dali is an individual who is a citizen and resident of the Borough of London, Kingdom of England and Wales, United Kingdom, and doing business in the County of Los Angeles, State of California in connection with the development of a motion picture based on the Novel.

23. On information and belief, Defendant Grace Loh is a citizen and resident of the County of Los Angeles, State of California, and is doing business in the County of Los Angeles, State of California, in connection with the development of a motion picture based on the Novel.

## JURISDICTION AND VENUE

24. This action arises under the copyright laws of the United States, 17 U.S.C. §1 *et seq.* This Court has subject matter jurisdiction over Luminosity's claims pursuant to 28 U.S.C. §§1331, 1338, and the Declaratory Judgment Act, 28 U.S.C. §2201.

25. This Court has personal jurisdiction over each Defendant because Defendant, jointly and severally, are engaged in business in the the State of California and took one or more affirmative acts in or towards the State of California in

connections with the matters alleged herein and have held themselves out as having a right to prevent Use of the Picture by Luminosity and its licensees in the State of California.

26. Venue for this action is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

**FIRST CAUSE OF ACTION**

(Declaratory Relief Against All Defendants)

27. Luminosity incorporates by this references as if set forth in full each and every allegation in Paragraphs 1 through 26 hereinabove inclusive.

28. A real and actual controversy has arisen and now exists between Luminosity and Defendants. Luminosity contends that, as between Luminosity, on the one hand and Defendants, and each of them, on the other hand, Luminosity has the same rights as any member of the public to Use the Picture including with English Language Tracks, and to exercise its rights under the Sales Agency Agreement, because, among other reasons:

A. The Novel in is the public domain in each of the English Speaking Territories and not entitled to the protection of the UCC, Berne Convention or CRA.

B. The Shilovsky Heirs cannot establish chain of title to ownership of the Motion Picture Rights to the Novel by descent or distribution under the laws of the RSSR.

COMPLAINT FOR DECLARATORY RELIEF

C. The exercise of the Lang Option was without effect by reason of failure of consideration and an illusionary promise to make a payment on the occurrence of an event that might never happen and did never happen.

D. The Shilovsky Heirs have abandoned any claim of copyright in the Novel by continuance and repeated failure to seek or enforce any claimed rights in the copyright to the Novel.

29. Defendants and each of them dispute and deny each of Luminosity's contentions as hereinabove alleged and claim the right to prevent Use of the Picture with English Tracks.

30. Luminosity is entitled to a declaratory judgment from this Court that the Novel is in the public domain and that as between Luminosity, on the one hand, and Defendants and each of them, on the other hand, Luminosity may Use the Picture without claim or interference from Defendants or either of them.

31. Luminosity is entitled to an award of attorney fees in the prosecution of this action pursuant to 17 U.S.C. §505 because Defendants and each of them have no reasonable basis to contend that Defendants or either of them could interfere or prevent the Use of the Picture by Luminosity.

COMPLAINT FOR DECLARATORY RELIEF

## PRAYER FOR RELIEF

WHEREFORE, Luminosity prays for judgment against Defendants and each of them as follows:

A. For a declaratory judgment that the Novel is in the public domain and that as between Luminosity, on the other one hand, and Defendants and each of them, on the other hand, Luminosity may Use the Picture without claim or interference from Defendants and each of them.

B. For award against Defendants and each of them for Luminosity's attorney fees pursuant to 17 U.S.C. §505.

C. For costs of suit.

D. For such other and further relief as the Court may deem just and proper.

DATED: February 11, 2025                                  Respectfully submitted,

                                                          STILLMAN & ASSOCIATES


                                                          By: ___*Philip H. Stillman*
                                                              Philip H. Stillman
                                                              Attorneys for LUMINOSITY
                                                              PICTURES LLC

---

COMPLAINT FOR DECLARATORY RELIEF